AO 91 (Rev. 11/11)  Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the

Central District of California

FILED
CLERK, U.S. DISTRICT COURT

9/15/25

CENTRAL DISTRICT OF CALIFORNIA
BY: ___MR___ DEPUTY

United States of America

v.

Jose Cruz-Severiano,

Defendant

Case No. 2:25-mj-05720-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of September 14, 2025, in the county of Los Angeles in the Central District of California, the defendant violated:

*Code Section*  
18 U.S.C. § 111(a)(1)

*Offense Description*  
Assault on a Federal Officer

This criminal complaint is based on these facts:

Please see attached affidavit.

☒ Continued on the attached sheet.

/s/  
Complainant's signature

Wayne Lai, Special Agent  
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: September 15, 2025

[Judge's signature]  
Judge's signature

City and state: Los Angeles, California

Hon. Pedro V. Castillo, U.S. Magistrate Judge  
Printed name and title

AUSA: Rahul R.A. Hari (x 6159)

**AFFIDAVIT**

I, Wayne Lai, being duly sworn, declare and state as follows:

### I.   PURPOSE OF AFFIDAVIT

1.   This affidavit is made in support of a criminal complaint against and arrest warrant for Jose CRUZ-SEVERIANO ("CRUZ-SEVERIANO"), for a violation of 18 U.S.C. § 111(a)(1) (Assault on a Federal Officer).

2.   The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### II.   BACKGROUND OF SPECIAL AGENT WAYNE LAI

3.   I am a Homeland Security Investigations ("HSI") Special Agent ("SA") and have been employed as such since December 30, 2024.  I am authorized by Title 8, United States Code, Section 1357, and Title 19, United States Code, Section 1589a, to investigate immigration law and customs law violations, respectively.

4.   I completed approximately six months of training at the Federal Law Enforcement Training Center in Glynco, Georgia,

where I completed the Criminal Investigator Training Program and HSI Special Agent Training Program. I was trained in conducting criminal investigations and received comprehensive and formalized instruction in financial crime, money laundering, drug trafficking, drug smuggling, human trafficking, street gangs, trade fraud, seizure, and forfeiture.

5. I am currently assigned the Integrated Operations Group. As part of this task force, I investigate various federal crimes with Department of Homeland Security ("DHS") agents and analysts, including from HSI and Immigration and Customs Enforcement ("ICE"). I am familiar with DHS databases that are used to identify individuals who are subject to prosecution for federal crimes.

6. I started my law enforcement career as a Border Patrol Agent in June 2021 and remained in that role until December 2024. I was assigned to Yuma Station in Yuma, Arizona. While working as a Border Patrol Agent, I was trained to patrol, conduct surveillance, and make arrests for violating laws pertaining to Title 8 of United States Code.

## STATEMENT OF PROBABLE CAUSE

7. On or about September 14, 2025, HSI Special Agents ("SAs") Shoaib Ghalib and Christopher Kim, and Enforcement and Removal Operations Deportation Officer ("DO") Gonzalo Galindo were executing an administrative arrest warrant for CRUZ-SEVERIANO at the Los Angeles Sheriff's Department in City of Industry, California.

8. The following information was provided to me by SA Ghalib, SA Kim, and DO Galindo.

9. At approximately 10:00 a.m., SAs Ghalib and Kim and DO Galindo were parked outside of the Los Angeles Sheriff's Department building located at 150 Hudson Ave, City of Industry, California 91744. CRUZ-SEVERIANO exited through the front gate of the office at approximately the same time. SA Ghalib and SA Kim approached CRUZ-SEVERIANO on foot from the front while DO Galindo positioned himself behind CRUZ-SEVERIANO. SA Ghalib and SA Kim introduced themselves to CRUZ-SEVERIANO as Homeland Security Investigations Special Agents.

10. CRUZ-SEVERIANO turned away from SA Ghalib and SA Kim and attempted to flee. As he turned to run, CRUZ-SEVERIANO collided into DO Galindo with sufficient force that both men fell to the ground.

11. SA Ghalib, SA Kim, and DO Galindo began trying to effectuate CRUZ-SEVERIANO's arrest. CRUZ-SEVERIANO was actively resisting handcuffs by flailing both his arms and legs. CRUZ-SEVERIANO then placed both his arms underneath his body, further preventing law enforcement from gaining control of his arms.

12. As SA Ghalib tried to grab hold of one CRUZ-SEVERIANO's arms, CRUZ-SEVERIANO bit SA Ghalib on the right forearm. SA Ghalib responded by shouting "stop biting me," and pulled his arm away from CRUZ-SEVERIANO. The bite left a visible, temporary indentation on SA Ghalib's right arm.

13. Eventually law enforcement was able to gain control of CRUZ-SEVERIANO. CRUZ-SEVERIANO was placed in handcuffs and

helped into a law-enforcement vehicle, then driven to an immigration holding facility at the Los Angeles Federal Building in Downtown Los Angeles for administrative processing.  CRUZ-SEVERIANO's fingerprints and biographical information were taken and entered into DHS indices.

    14.  While CRUZ-SEVERIANO was in immigration custody, an HSI undercover agent was inserted into the same holding cell with a recording device.  I have reviewed a recording of a conversation between the undercover agent and CRUZ-SEVERIANO.  CRUZ-SEVERIANO stated to the undercover agent that he had bitten an agent when he was being arrested.  Specifically, CRUZ-SEVERIANO stated he bit the agent "next to [the agent's] elbow."

//

//

## **CONCLUSION**

15. For all the reasons described above, there is probable cause to believe that CRUZ-SEVERIANO has committed a violation of Title 18, United States Code, Section 111, Assaulting, Resisting, or Impeding a Federal Officer.

                                                       /s/_____
                                                    Wayne Lai, Special Agent, HSI

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 15th day of September, 2025.

_____
HONORABLE PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE